**SIGNED THIS: January 13, 2010**

_____
**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                              )
                                    )
IDELLA M. BROOKS,                   )  Bankruptcy Case No. 09-91708
                                    )
                      Debtor.       )

OPINION

This matter having come before the Court on a Motion to Dismiss filed by the Debtor and on Trustee's Objection to Motion to Dismiss; the Court, having reviewed the pleadings and the record of Debtor's bankruptcy proceeding and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.  The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on August 3, 2009.

2.  On Schedule B of her original bankruptcy petition, the Debtor scheduled personal property having a total value of $10,914.95.

3.  At or before her meeting of creditors on September 16, 2009, the Debtor discovered that she had failed to schedule a Certificate of Deposit on her Schedule B, with a value of $34,163.68.

4.  On October 20, 2009, Debtor filed an Amended Schedule B, which listed the Certificate of Deposit, but failed to re-list items of personal property previously scheduled.

5.  In addition to the Amended Schedule B filed on October 20, 2009, the Debtor filed the instant Motion to Dismiss indicating that her interest in the Certificate of Deposit would allow her to settle her debts outside of bankruptcy, and that, as a result, she no longer wished to proceed under Chapter 7.

6.  On October 28, 2009, the Trustee filed Trustee's Objection to Motion to Dismiss indicating that a majority of the assets scheduled by the Debtor in her Amended Schedule B were non-exempt and that the Trustee would be able to repay a large percentage of unsecured debt listed in Schedule F of Debtor's petition. Trustee further indicated that it would be unfair and prejudicial to Debtor's unsecured creditors to allow Debtor's Motion to Dismiss her Chapter 7 bankruptcy petition.

## Conclusions of Law

The Debtor's Motion to Dismiss is governed by 11 U.S.C. §707(a) which mandates that a Chapter 7 bankruptcy petition can only be dismissed for cause. See: In re Watkins, 229 B.R. 907 (Bankr. N.D. Ill. 1999). A Chapter 7 debtor does not have an absolute right to dismiss a Chapter 7 bankruptcy case, even one that was begun voluntarily. In re Turpen, 244 B.R. 441 (8th Cir. BAP 2000).

The criteria for dismissal under 11 U.S.C. §707(a) is thoroughly discussed in In re Hopper, 404 B.R. 302 (Bankr. N.D. Ill. 2009). The Court in Hopper makes it clear that dismissal under 11 U.S.C. §707(a) can only be for cause shown by the movant. In reviewing Debtor's motion, together with the record of her bankruptcy proceeding, the Court finds that the Debtor has failed to establish cause for her requested voluntary dismissal. Based on the uncontroverted

facts of this case, the Court finds that it is in the best interest of Debtor's creditors for the Chapter 7 Trustee to liquidate Debtor's non-exempt assets and to pay Debtor's unsecured creditors' claims as filed. Although the Debtor states an intent to settle her debts outside of bankruptcy, there is no mechanism to enforce that intent. The Court finds that it would be prejudicial to Debtor's unsecured creditors listed on Schedule F if the Court were to dismiss this case prior to administration of Debtor's assets by the Chapter 7 Trustee.

###